UNITED RAILROADS OF SAN FRANCISCO v. CITY AND COUNTY OF SAN FRANCISCO et al.

(Circuit Court, N. D. California. July 18, 1910.)

No. 15,149.

INJUNCTION (§ 137*)—TEMPORARY RESTRAINING ORDER—RIGHT TO.

Under Rev. St. § 718 (U. S. Comp. St. 1901, p. 580), providing for a temporary restraining order only when danger of irreparable injury is apparent, and under Circuit Court rule 30, providing that such order shall be granted without notice only when such danger exists, a municipality should not be temporarily restrained without notice, at the suit of a street railway company, from taking further proceedings to construct a competing road, where the bill fails to show that any threatened injury is likely to result before a hearing on the application can be had.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

In Equity. Bill by the United Railroads of San Francisco against the City and County of San Francisco and others. On application for temporary restraining order. Application denied.

Wm. M. Abbott, Joseph D. Redding, and Tirey L. Ford, for complainant.

Percy V. Long, City and County Atty., and Thomas E. Haven, for respondents.

VAN FLEET, District Judge. Complainant has presented and filed in this court its bill in equity seeking to enjoin the defendant municipality, its mayor and board of supervisors, and certain other

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

officers from taking further proceedings looking to the construction and equipment of a street railroad upon certain streets of this city, commonly designated and referred to as "the Geary Street road," to be owned, operated, and conducted as a street railroad by the defendant city and county under its municipal authority.  Application is made upon the bill for an order upon defendants to show cause why an injunction pendente lite should not issue, and that in the meantime, and until a hearing can be had upon the application, a temporary restraining order issue without notice to the defendants to stop further prosecution of the project.

The application for a temporary restraining order is the only matter for present consideration, since the order to show cause will usually issue as of course.  The statute provides (section 718, Rev. St. [U. S. Comp. St. 1901, p. 580]) that a temporary stay order may be granted upon application for an injunction only where "there appears to be danger of irreparable injury from delay"; and rule 30 of this court, made in pursuance of that section, provides that no such restraining order shall be granted without notice to the other side "unless it shall clearly appear from specific facts shown by affidavit or by the verified bill that irreparable damage will result to the applicant before the matter can be heard on notice."

An examination of the averments of the bill in the light of these requirements fails to disclose a case which would authorize this feature of the relief asked.  The bill proceeds upon the theory that the proceedings being taken by the city authorities looking to the building of the road in question are in violation of certain contract relations alleged to exist between complainant and the defendant municipality, growing out of franchises heretofore granted complainant and its predecessors in interest for the construction and operation of street railroads within the city and county, and that the further prosecution of such proceedings will tend to impair the obligation of those contracts, destroy the value of complainant's rights thereunder, and deprive it of its property without due process of law, in contravention of the Constitution of the United States.

As indicated, we are not at present concerned with the merits of the controversy as they may be eventually presented for determination, but only with those averments of the bill which would tend to disclose irreparable injury to result to complainant if defendants be not restrained pending a hearing.   In this respect the bill is essentially lacking in any tangible detail.   It proceeds with a recital of the various steps taken by the city authorities, beginning with the adoption on October 26, 1909, of a bill or ordinance "determining and declaring that the public interests and necessity demand the construction of street railways upon and along the following streets, to wit," defining the project in question, and including the adoption at a special election of a proposed bond issue for its prosecution.   It is then alleged "that, unless restrained and enjoined from so doing as herein prayed, the defendants threaten to and will proceed to construct and operate a street railroad in the city and county of San Francisco" as projected, and that unless such construction be enjoined the city will proceed to build said road, "and will cause continued and irreparable injury to

your orator, and will occasion a constantly occurring grievance and injury against which your orator is without recourse, except by intervention of this honorable court"; and it is alleged "that said proceedings will depreciate the value of your orator's property, will decrease the value of its bonds, will impair the obligations of the contract entered into by the state of California, through the authority delegated by it to the city and county of San Francisco," etc., and will take complainant's property without due process of law.

While it may well be that these averments are quite sufficient to show that complainant will be injured if its theory of its wrongs be finally established as a correct one, they entirely fail to show that any threatened injury from defendants' proceedings is so imminent that it is likely to result before a hearing on its application may be had, nor that it cannot as well be prevented after an opportunity for defendants to be heard as now. There are no averments to show when the next steps are proposed or threatened to be taken, or that they can or will be taken before a hearing may be had and determined; and there is, therefore, an entire want of that showing of threatened irreparable injury required by the statute as a basis for the order asked, since no injury, however threatened, is irreparable which may be prevented before it occurs.

The application for a temporary restraining order will therefore be denied. An order to show cause why a temporary injunction should not issue will be granted, returnable on Monday, July 25, 1910, at 10 a. m.